JUSTICE MORRIS
dissents.
¶44 I respectfully dissent. The Court determines that the Sales Agreement constitutes a final and complete agreement of the parties. ¶ 24. The Court further determines that this final and complete agreement of the parties “supersedes” any previous or contemporaneous oral agreement between the parties. ¶ 24. The Court concludes that the Sales Agreement is clear and unambiguous on its face. ¶ 31. As a result, the Court determines that Richards purchased three used dump trucks and some concrete equipment for $67,000. I cannot agree.
¶45 In reaching its conclusion the Court concedes that the Sales Agreement lacks an integration or merger clause. ¶ 17. The Court further recognizes that the Sales Agreement contains terms such as “non-compete agreement,” “non-compete territory,” and a $7 per cubic yard surcharge on any concrete delivered by JTL in the “non-compete territory.” ¶ 19. In fact, the non-compete provision defines the agreed-upon territory, exempts Montana State Highway projects from this non-compete territory, and describes JTL’s obligation to pay the $7 surcharge to Richards.
¶46 The Court brushes aside Richards’s claim that he intended to purchase the concrete business and the business goodwill on the grounds that the Sales Agreement makes no mention of any customer list. The Court fails to explain, however, why the purchase of three dump trucks and some concrete equipment would prompt the seller to *532 provide a written document that describes territories in which the seller will not compete with the buyer and projects within the territories with which the seller will compete with the buyer. It seems that a simple bill of sale for the three dump trucks and the concrete equipment would have sufficed if that was all that the parties had intended to transfer through the Sales Agreement. I certainly would be surprised if a private seller of a used vehicle provided me as the buyer with a sales contract that set forth areas within which the seller would not compete with me and imposed a penalty upon the seller for any efforts to compete against me within the territory.
¶47 The meaning and interpretation of these terms within the Sales Agreement at the very least create ambiguities that in turn raise genuine issues of material fact that should have precluded summary judgment. Baker Revoc. Trust, ¶ 19; M. R. Civ. P. 56(c); Bitterroot Inter. Sys., ¶ 32.1 dissent from the Court’s failure to remand this matter for a trial on the merits to determine the parties’ intent in entering into the Sales Agreement.